**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

REGINA MASON, :
:
   Plaintiff, :
: CIVIL ACTION NO. 3:10-cv-1953
      v. :
:
KEVIN STROYAN, et al., : (JUDGE CAPUTO)
:
: (MAGISTRATE JUDGE BLEWITT)
   Defendants. :

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of October 29, 2010 (Doc. 8) and Plaintiff's Objections to the Magistrate Judge's R&R (Doc. 15), as well as two motions by the Plaintiff for Leave to Proceed *in forma pauperis* (Docs. 2 and 5). Magistrate Judge Blewitt recommended that Plaintiff's Motion to Proceed *in forma pauperis* be granted solely for the purpose of filing this action but that Plaintiff's federal claims be dismissed with prejudice as to all Defendants and that the Court decline exercising supplemental jurisdiction over Plaintiff's state law Intentional Infliction of Emotional Distress ("IIED") claim. This Court will adopt Magistrate Judge Blewitt's R & R for the reasons discussed more fully below.

**FACTUAL BACKGROUND**

Plaintiff's *pro se* Complaint alleges the following.

Plaintiff names the following ten (10) Defendants: Sharon Schroeder, Pike County Register of Wills; Kevin Stroyan, Pike County Coroner; Thomas Farley, Pike County Solicitor; Mark Pizzuti, Pennsylvania State Police Trooper; Brad Beach, Pennsylvania State Police Corporal; Arthur Ridley, Court-appointed Administrator of Kopich's estate; Dave

Chuff, Attorney; Joe Kosierowski, Attorney; County of Pike; and Pennsylvania State Police.

Plaintiff rented the property located at 1351 Cambridge Court, Saw Creek Estates, Pike County, Pennsylvania, from Frank Kopich, Jr. in January 2002. Shortly thereafter, Mr. Kopich drafted a Codicil for the property, giving equal shares to Plaintiff's two sons with Plaintiff as trustee until the sons reached age twenty-one (21). Plaintiff was then added to the Deed to the property in May 2005. Plaintiff obtained refinancing on the property in October 2005. In March 2006, Plaintiff transferred her fifty (50) percent share back to Mr. Kopich. Plaintiff's two sons were incarcerated in September of 2006 and 2007, and Plaintiff herself was incarcerated in July 2007. Mr. Kopich died on August 9, 2008, and Plaintiff's husband was evicted from the property a few days later by Pike County Coroner Stroyan and the State Police. Mr. Kopich's siblings were then allowed to enter the property by State Troopers Beach and Pizzuti and removed documents without a court order. Plaintiff's husband then took the original Codicil Mr. Kopich had drafted to the Pike County Register of Wills and Defendant Schroeder, but Defendant Schroeder refused to accept the Codicil for probate. Then, In November 2008, Plaintiff's husband attempted to be appointed administrator of Mr. Kopich's estate with Power of Attorney from Plaintiff and her children. Pike County Solicitor Thomas Farley then sent a letter to Plaintiff's husband requesting he bring the original Will and Codicil to his office because Pike County had decided to probate the estate. Pike County Orphans Court scheduled a hearing for December 18, 2008 and at that hearing appointed Arthur Ridley as Administrator of the estate. Plaintiff's husband was allowed to enter the estate in August 2009, accompanied by Attorneys Chuff and Kosierowski. Plaintiff noticed that the house appeared ransacked and that his computer and his son's laptop were missing and that a vehicle was gone, but Chuff and Kosierowski

2

wouldn't file a police report. Plaintiff then petitioned for permission to re-enter the property. A hearing was scheduled for August 24, 2009, but Plaintiff's husband could not attend for medical reasons. At the hearing, Chuff and Kosierowski told the Orphans Court that Plaintiff's husband had removed all his property from the estate, and the Court granted them the authority to liquidate the estate in order to pay off the banks.

## PROCEDURAL BACKGROUND

In her Complaint, Plaintiff raised four causes of action. As Count I, Plaintiff raised a Fourth Amendment claim under 28 U.S.C. § 1983 against the Pennsylvania State Police and Troopers Beach and Pizzuti for allowing Kopich's siblings to rummage through her property and for confiscating her property without a warrant. Count II was a Fourteenth Amendment Procedural Due Process claim under § 1983 against Pike County for allowing the property to deteriorate and then selling Plaintiff's property at the estate sale without notice or a hearing, and against Defendant Schroeder for refusing to probate the Codicil and failing to check the validity of the Codicil. As Count III, Plaintiff brought a Conspiracy claim against the Defendants under 42 U.S.C. § 1985. As Count IV, Plaintiff brought a state law IIED claim against all Defendants.

After initially filing her *pro se* Compliant, Plaintiff filed two applications to proceed *in forma pauperis*. (Docs. 2 and 5.) As a result, the Magistrate Judge screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), which requires a complaint filed *in forma pauperis* be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Applying the Federal Rules of Civil Procedure 12(b)(6) standard to Plaintiff's

Complaint, the Magistrate Judge first recommended the dismissal of Defendants Pike County and the Pennsylvania State Police from the action on the grounds that personal liability cannot be imposed under § 1983 on a theory of *respondeat superior*. Next, the Magistrate Judge recommended the dismissal of the § 1985 Conspiracy claim (Count III) on the grounds that Plaintiff had failed to allege that she fell within a protected class or that the alleged conspiracy was motivated by discriminatory animus against that class. The Magistrate Judge then recommended that Plaintiff's Fourteenth Amendment claim (Count II) be dismissed because Plaintiff's attempt to have a federal court overturn the orders of the Pike County Register of Wills and the Orphan's Court was banned under the *Rooker-Feldman* doctrine, *see, e.g., Hansford v. Bank of America*, No. 07-4716, 2008 WL 4078460 (E.D. Pa. Aug. 22, 2008), as well as Pennsylvania's preclusion doctrine, *see, e.g. Moncrief v. Chase Manhattan Mortgage Corp.*, 275 Fed. Appx. 149 (3d Cir. 2008). The Magistrate Judge also stated that Plaintiff failed to establish a cognizable property interest protected under the Fourteenth Amendment, since the Orphan's Court found that she had none, and that, even if she did, there were post-deprivation remedies in place that the Plaintiff could have availed herself, specifically the Political Subdivision Tort Claims Act, regarding her lost property. Further, the Magistrate Judge recommended Plaintiff's Fourth Amendment claims (Count I) be dismissed because, since Plaintiff was in prison at the time the State Police and Mr. Kopich's children entered the property, she did not have any reasonable expectation of privacy. Finally, having recommended the dismissal of the three federal law claims, the Magistrate Judge recommended that the Court decline from exercising jurisdiction over the state law IIED claim in accordance with 28 U.S.C. §1367(c).

      Plaintiff then filed her Objections to the R&R on December 29, 2010.

**STANDARDS OF REVIEW**

**I.      Objections to the Magistrate Judge's Report**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise

5

a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Recommendations made by Magistrate Judge Blewitt will be adopted in full.

With respect to the filing of objections to a Magistrate Judge's R&R, Local Rule 72.3 states: ""[W]ritten objections ... shall *specifically* identify the portions of the proposed findings, recommendations or report to which objection is made and the *basis* for such objections." (emphasis added.) Here, other than general entreaties to "justice" and "fairness," Plaintiff has failed to specify either the portions of the record that she is objecting to or the reasons for her objections. Although the Court sympathizes with Plaintiff's predicament, reviewing the Magistrate Judge's R&R *de novo*, it finds that Plaintiff has failed to state any claims upon which she may be entitled to relief.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint will be dismissed. An appropriate order follows.

| | |
|---|---|
| 4/25/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINA MASON, :
:
    Plaintiff, :
: CIVIL ACTION NO. 3:10-cv-1953
    v. :
:
KEVIN STROYAN, et al., : (JUDGE CAPUTO)
:
:
: (MAGISTRATE JUDGE BLEWITT)
    Defendants. :

## ORDER

**NOW**, this ___25th___ day of April, 2011, after consideration of Magistrate Judge Blewitt's Report and Recommendation (Doc. 8) recommending that Plaintiff's Motions to Proceed *in forma pauperis* (Docs. 2 and 5) be granted solely for purposes of filing this action and that Plaintiff's Complaint (Doc. 1) be dismissed in its entirety, as well as Plaintiff's Objections, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motions to Proceed *in forma pauperis* are **GRANTED** solely for the purposes of filing this action.

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

3. The Report and Recommendation is **ADOPTED**.

4. The Complaint is **DISMISSED**.

5. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                                              /s/ A. Richard Caputo
                                                              A. Richard Caputo
                                                              United States District Judge